[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 05-15512

————————————————

BIA No. A34-706-374

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 26, 2006
THOMAS K. KAHN
CLERK

DALE THOMAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision
of the Board of Immigration Appeals

————————————————

**(December 26, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

## BACKGROUND

The facts of this case are not in dispute. Dale Thomas was born in Guyana

in 1964. His parents were not married at the time of his birth, and only his

mother's name appeared on his birth certificate. When Thomas was two, his mother and father married. Thomas's birth certificate was not amended to list his father as Thomas's biological father. After his parents' marriage, Thomas, his mother, and his father came to live in the United States. In 1981, when Thomas was seventeen years old, his mother became a United States citizen. Thomas's father did not become a United States citizen until 1999.

Thomas's claim of United States citizenship was denied by an immigration judge (IJ). The IJ ordered Thomas removed from the United States. The Board of Immigration Appeals (BIA) affirmed. Thomas appeals the BIA's decision to this court pursuant to 8 U.S.C. § 1252.

## CONTENTIONS OF THE PARTIES

The parties agree that, under Guyanese law, the marriage of Thomas's mother and father legitimated Thomas. The parties disagree as to whether this legitimation determined Thomas's paternity.

Thomas contends that, because his paternity was not established by the legitimation, he acquired United States citizenship in 1981, when he was seventeen years old and his mother was naturalized as a United States citizen.

The Attorney General argues that this court does not have jurisdiction to hear Thomas's appeal. In the alternative, the Attorney General argues that

2

Thomas did not become a citizen of the United States.  The Attorney General contends that, in order for Thomas to have acquired United States citizenship, both of his parents must have become United States citizens before his eighteenth birthday, and his father did not.

## ISSUES ON APPEAL & STANDARD OF REVIEW

This appeal presents two questions of law: whether this court has jurisdiction to hear Thomas's appeal and whether, under Guyanese law, Thomas's paternity was established when he was legitimated by the marriage of his parents. As with all questions of law, we consider these de novo.  *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1336 (11th Cir. 2002).

## DISCUSSION

We consider the jurisdictional question first and find that we have jurisdiction to hear the appeal. The REAL ID Act of 2005 explicitly authorizes judicial review of constitutional claims or questions of law that arise in immigration cases.  *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in . . . any . . . provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").  As stated above, Thomas's appeal presents a question of law,

3

namely whether the fact that he was legitimated by the marriage of his parents established his paternity under Guyanese law. *See Gorsira v. Loy*, 357 F. Supp. 2d 453, 460-61 (D. Conn. 2005) ("the court considers whether paternity has been established by legitimation under the laws of the child's native country.") (citing *Wedderburn v. INS*, 215 F.3d 795, 797 (7th Cir. 2000)).

Thomas's claim to United States citizenship relies on 8 U.S.C. § 1432(a)(3). That statute, which applies to Thomas because he turned eighteen before its repeal, reads:

> (a) A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>> (1) The naturalization of both parents; or
>> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or *the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation*; and if
>> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection . . . .

8 U.S.C. § 1432 (emphasis added) (repealed in 2000).

4

The relevant Guyanese law, the Legitimacy Act, provides:

> [W]here the parents of a person born out of wedlock marry or have married one another, . . . the marriage did or shall, if the father or mother of the person born out of wedlock was or is at the date of the marriage domiciled in Guyana, render that person, if he is or was living, legitimate from the date of marriage.

Laws of Guyana 46:02.3(1).

Thus, under the Guyanese Legitimacy Act, legitimation through marriage only occurs if the marrying couple are the parents of the person born out of wedlock. There is no provision in the Guyanese Legitimacy Act for legitimation of a child if the marrying parties are not the biological parents of that child. As stated above, Thomas concedes that he was legitimated when his parents married. In order for that marriage to have legitimated him, it must have been between his biological mother and biological father.[1] Therefore, Thomas's paternity – the identity of his biological father – was established through his legitimation which was effected through the marriage of his parents. We find no merit in Thomas's contention that his paternity was not established because his birth certificate was not amended to list his father. Amendment of the birth certificate was not necessary.

---

[1]Indeed, Thomas explicitly concedes that the man who married his biological mother was, in fact, his biological father. (R.1 at 69.)

5

Because Thomas's paternity was established by legitimation, his claim to citizenship fails. Pursuant to 8 U.S.C. § 1432(a)(1), both of his parents must have become United States citizens before he was eighteen. Because they did not, he is not a United States citizen.

## CONCLUSION

For the foregoing reasons, we affirm the BIA's order of removal.

AFFIRMED.